**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **PRIYANK PRAJAPATI** | **PLAINTIFF** |
| **v.** | **No. 3:25-cv-402-BJB** |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES** | **DEFENDANT** |

* * * * *

**OPINION & ORDER DISMISSING FOR FAILURE TO PROSECUTE**

As the Court explained in its prior order (DN 14), *pro se* plaintiff Priyank Prajapati is an Indian citizen living in Kentucky who applied for a "U Nonimmigrant status" visa in 2024. *See* Complaint (DN 1). In 2025, he filed a complaint alleging that the U.S. Citizenship and Immigration Services "unreasonably delayed" a determination on his petition, or alternatively "unlawfully with[held]" or "unreasonably delayed" a waiting-list determination. *Id.* at 4, 16, 17.

But since filing his complaint and proof of service, Prajapati appears to have abandoned his case. Prajapati did not respond to the USCIS's request for an extension of time to respond to his complaint and did not object when the Defendant missed its extended deadline to respond. *See* Motion to Extend (DN 5); Order Granting Extension (DN 8). And when USCIS finally *did* respond with a motion to dismiss for lack of jurisdiction (DN 9), Prajapati did not file a response.

The Court entered an order in June 2026, almost a year after Prajapati filed his complaint, ordering him to respond to the motion to dismiss within 21 days. *See* Order (DN 14). The Court noted that a failure to respond could result in dismissal for failure to prosecute. *Id.*; FED. R. CIV. P. 41(b).* Prajapati missed that deadline, too. Further, the Court's order was returned as undeliverable to Prajapati despite the *pro se* plaintiff's responsibility to keep a current address on file. Local Rule 5.3(d), (e).

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). A district judge may dismiss a case for failure to prosecute under Rule 41(b) to "manag[e] … its docket and avoi[d] … unnecessary burdens on the

* The Court's June 2026 Order also noted that, without the benefit of any rebuttal from Prajapati, the USCIS's motion to dismiss the case as moot appeared correct. According to the USCIS, Prajapati's visa petition was denied because he was a participant in a fraudulent-visa conspiracy that led to indictments in Louisiana. *See* Order (DN 14); Motion to Dismiss (DN 9) at 2–3. But because the Court dismisses the case for Prajapati's failure to prosecute, the Court need not resolve the USCIS's motion.

tax-supported courts and opposing parties." *Id.* (citation omitted). Four factors channel that discretion:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (citation omitted).

These factors cut in favor of dismissal. *First*, Prajapati has missed two deadlines: to respond to the motion to dismiss and to respond to the Court's order that he respond to that motion. So he's at fault for failing to press the case. *See, e.g.*, *Harmon v. CSX Transportation*, 110 F.3d 364, 366–68 (6th Cir. 1997) (dismissal supported by missed deadlines and ignored court orders). *Second*, this unresponsiveness followed a clear warning: "failure to prosecute his case could … justify dismissing his claim on that basis alone." DN 14 at 2. *Third*, the Court will dismiss without prejudice—a "less drastic sanctio[n]" than dismissal with prejudice. *Schafer*, 529 F.3d at 740–42. And, *fourth*, while "the record contains little, if any, evidence that the defendan[t] w[as] actually prejudiced by [Prajapati's] failure to prosecute his claims," USCIS has at least had to attend to this lingering litigation and file a motion to dismiss. *Id.* at 740. That imposes some cost, and therefore prejudice, on any defendant waiting on and wondering about its defense of an aging lawsuit. Without any movement by Prajapati, dismissal is the best option to effectively manage the Court's docket and avoid unnecessary burdens on a Defendant who has sought resolution.

The Court therefore dismisses this case without prejudice for failure to prosecute and denies without prejudice as moot the USCIS' motion to dismiss.

Benjamin Beaton, District Judge
United States District Court

September 15, 2026